**FILED**

**May 6, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **A.B., Z.J., J.J.-1, R.J.-1, and J.J.-2**

**No. 24-328** (Wood County CC-54-2023-JA-253, CC-54-2023-JA-254, CC-54-2023-JA-255, CC-54-2023-JA-256, and CC-54-2023-JA-257)

**MEMORANDUM DECISION**

Petitioner Father R.J.-2[1] appeals the Circuit Court of Wood County's May 16, 2024, order terminating his parental rights to Z.J., J.J.-1, R.J.-1, and J.J.-2, and his custodial rights to A.B., arguing that the court erred by terminating his rights and denying him an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the court's March 21, 2024, adjudicatory order and its May 16, 2024, dispositional order, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The DHS first filed an abuse and neglect petition against the petitioner in 2015 based upon the petitioner's substance abuse. The petitioner successfully completed an improvement period, and the case was dismissed. The DHS filed a second petition in March 2020, again, based on the petitioner's substance abuse. The petitioner was adjudicated as an abusing and neglecting parent to J.J.-1, R.J.-1, and J.J.-2. Later, the petitioner's custodial rights to J.J.-1, R.J.-1, and J.J.-2 were terminated, and those three children were placed in their mother's custody. The petitioner was not awarded post-termination visitation.

---

[1] The petitioner appears by counsel Wells H. Dillon. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Keith White appears as the children's guardian ad litem. Respondent Mother L.A. appears by counsel Eric K. Powell.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, we use numbers to differentiate between individuals with the same initials.

1

In October 2023, the petitioner's girlfriend, A.S., gave birth to Z.J. At the time, the petitioner and A.S. shared a home and had physical custody of A.B., A.S.'s older child.[3] A.S. tested positive for cocaine and fentanyl at the time of Z.J.'s birth, resulting in Z.J. suffering from withdrawal symptoms. Based on this, the DHS filed a petition giving rise to the current matter in October 2023 alleging that the petitioner abused and neglected all five children, A.B., Z.J., J.J.-1, R.J.-1, and J.J.-2. Specifically, the petition alleged that the petitioner failed to protect Z.J. from A.S.'s drug abuse and abused illegal substances to the extent that his parenting skills were impaired. However, other than recounting the petitioner's prior history with the DHS, including the termination of his custodial rights, the petition did not include any allegations specific to J.J.-1, R.J.-1, and J.J.-2.

At an adjudicatory hearing held in March 2024, the petitioner stipulated that he abused substances to the extent that his parenting skills were impaired and that his custodial rights were previously terminated as to J.J.-1, R.J.-1, and J.J.-2. Based on the petitioner's stipulation, the court adjudicated him as an abusing and neglecting parent to A.B., Z.J., J.J.-1, R.J.-1, and J.J.-2. However, the court did not make specific findings explaining how J.J.-1, R.J.-1, and J.J.-2, who did not live with the petitioner, were abused and/or neglected. When the petitioner requested visitation, the mother of J.J.-1, R.J.-1, and J.J.-2 objected and proffered that the petitioner had not seen the children in four years. The court ordered that supervised visitation was at the discretion of the multidisciplinary treatment team.

The court held a dispositional hearing in April 2024 and also addressed the petitioner's motion for a post-adjudicatory improvement period. At the conclusion of the hearing, the court found that this was the petitioner's third abuse and neglect case involving his substance abuse; that the petitioner participated in drug rehabilitation programs in this case and during his 2015 case but still struggled with substance abuse; that the chance of an improvement period being successful was unlikely given that he had already received multiple services to no avail; that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future; and that the welfare and best interests of the children required termination. Accordingly, the circuit court terminated the petitioner's parental rights to Z.J., J.J.-1, R.J.-1, and J.J.-2 and terminated the petitioner's custodial rights to A.B.[4] The petitioner appeals from the final dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the court lacked

---

[3] The petitioner is not A.B.'s biological father.

[4] The permanency plan for J.J.-1, R.J.-1, and J.J.-2 is to remain in the custody of their nonabusing mother. The permanency plan for A.B. and Z.J. is adoption in the current placement. We further note that the court specifically terminated "any and all rights" the petitioner may have had to A.B. Given that the record shows that the petitioner exercised only custodial rights to that child, we will treat the court's ruling as a termination of the petitioner's custodial rights.

2

jurisdiction to terminate his parental rights to J.J.-1, R.J.-1, and J.J.-2, and we agree. We have held that "[f]or a circuit court to have jurisdiction over a child in an abuse and neglect case, the child must be an 'abused child' or 'neglected child' . . . based upon the conditions existing at the time of the filing of the abuse and neglect petition." Syl. Pt. 8, in part, *In re C.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022). We have further held that, at adjudication, the circuit court "must make specific factual findings explaining how *each child's* health and welfare are being harmed or threatened by the allegedly abusive or neglect conduct of the parties named in the petition" and stressed that "generalized findings applicable to all children named in the petition will not suffice." Syl. Pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) (emphasis added).

At adjudication, the petitioner stipulated that he abused substances to the detriment of his parenting abilities. As A.B. and Z.J. lived in the petitioner's home, it is clear that the petitioner's conduct resulted in the abuse and neglect of A.B. and Z.J. However, the record shows that J.J.-1, R.J.-1, and J.J.-2 were in their mother's sole custody at the time the petition was filed, and that the petitioner had no contact with those children in the previous four years. The circuit court made no findings in the adjudicatory order specific to J.J.-1, R.J.-1, and J.J.-2. but, instead, made generalized findings applicable to all the children named in the petition. Further, there is no evidence in the record that the petitioner's substance abuse could have impacted J.J.-1, R.J.-1, and J.J.-2 when the petition was filed. As such, the circuit court's March 21, 2024, adjudicatory order must be vacated only as it applies to J.J.-1, R.J.-1, and J.J.-2. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (requiring vacation and remand where "the process established by the [applicable rules and] statutes . . . has been substantially disregarded or frustrated" (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)). Additionally, because the circuit court failed to properly adjudicate the petitioner as an abusing and/or neglecting parent to J.J.-1, R.J.-1, and J.J.-2, it then follows that the court erred by terminating the petitioner's parental rights to J.J.-1, R.J.-1, and J.J.-2.[5] *See* Syl. Pt. 3, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019) (holding that a court must determine whether a child is an abused and neglect child before making any determinations regarding dispositional alternatives). Consequently, the circuit court's May 16, 2024, dispositional order must be vacated only as it applies to J.J.-1, R.J.-1, and J.J.-2.

---

[5] On appeal, the DHS argues that the circuit court retained jurisdiction over J.J.-1, R.J.-1, and J.J.-2 pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceeding, which provides, in relevant part, that "[t]he court retains exclusive jurisdiction over placement of the child *while the case is pending*, as well as over any subsequent *requests for modification*, including, but not limited to, changes in permanent placement or visitation" subject to certain exceptions. (Emphasis added). The DHS asserts that, because the court exercised jurisdiction over these children in a prior case, it retained jurisdiction to proceed to disposition in the current matter. We find no merit in this argument. First, as evidenced by the fact that the DHS filed a new petition under new case numbers regarding those three children, it is clear that the prior case was no longer pending. Second, in making this argument, the DHS admits that it did not seek to modify the prior dispositional order. In short, neither circumstance covered by Rule 6 applies to the DHS's filing of a new petition below. However, nothing in this memorandum decision forecloses the DHS, or any other entitled party, from seeking a modification of the disposition in the prior case pursuant to West Virginia Code § 49-4-606.

Next, the petitioner argues that the court erred by terminating his parental rights to Z.J. because termination was not necessary for the welfare of the child and was not the least restrictive alternative available. Specifically, the petitioner argues that because Z.J. remained with the mother while the mother completed an improvement period and the child was not eligible for adoption, the court should have terminated the petitioner's custodial rights as the least restrictive alternative.[6] However, we have explained that

> simply because one parent has been found to be a fit and proper caretaker for his/her child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve.

*In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Thus, the fact that the mother was participating in an improvement period at the time of the petitioner's disposition does not entitle the petitioner to relief. Circuit courts are permitted to terminate parental rights upon finding that "there is no reasonable likelihood the conditions of neglect or abuse [could] be substantially corrected in the near future" and that termination is "necessary for the welfare of the child." W. Va. Code § 49-4-604(c)(6). The circuit court made such findings, and those findings were supported by the record. Accordingly, we conclude that the circuit court did not err in terminating the petitioner's parental rights to Z.J.

Finally, the petitioner argues that the court erred by failing to grant him a post-adjudicatory improvement period. The petition filed in this case was the third petition filed as a result of the petitioner's substance abuse. Throughout the prior proceedings, the petitioner participated in services, including inpatient treatment, but failed to respond to those services. The circuit court specifically found that "the chance of an improvement period being successful with already having multiple services unlikely," and we conclude that this was not in error. *See In re Tonja M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny an improvement period when no improvement is likely).

For the foregoing reasons, we vacate, in part, the court's March 21, 2024, adjudicatory order only as it applies to J.J.-1, R.J.-1, and J.J.-2.[7] Regarding the court's May 16, 2024, dispositional order, we affirm the order, in part, only as it applies to A.B. and Z.J., and vacate the order, in part, only as it applies to J.J.-1, R.J.-1, and J.J.-2. We remand for further proceedings

---

[6] We note that in advancing this assignment of error, the petitioner also argues that, in regard to A.B., he believes the circuit court should have terminated his custodial rights only. As set forth above, the circuit court already terminated the petitioner's custodial rights to A.B. It is clear that the petitioner had no parental or guardianship rights to exercise over A.B., meaning that the circuit court's termination of "any and all rights" applied only to the petitioner's custodial rights to that child. Accordingly, the petitioner is entitled to no relief.

[7] The adjudicatory order and dispositional order both contain provisions relating to other adult parties to the abuse and neglect. Those portions of the orders remain in full force and effect as they relate to other parties.

consistent with this opinion. The Clerk is directed to issue the mandate contemporaneously herewith.

Affirmed, in part, vacated, in part, and remanded, with directions.

**ISSUED**: May 6, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV